United States District Court
Middle District of Florida
Jacksonville Division

**DORA R. SHEAN,**

   *Plaintiff,*

v.            **NO. 3:20-cv-750-MMH-PDB**

**ANA MARIA GARCIA ET AL.,**

   *Defendants.*

_____

# Report and Recommendation

Plaintiff Dora Shean has not seen four grandchildren since 2017, and her daughter's parental rights over the children have been terminated. In this action under 42 U.S.C. § 1983, Ms. Shean, without a lawyer, sues the state court, two state judges, and "John Does I–IV" involved in shelter, dependency, termination-of-parental-rights, and adoption proceedings.

The named defendants—the Circuit Court of the Fourteenth Judicial Circuit in and for Bay County, Florida; Circuit Judge Brantley Clark; and Circuit Judge Ana Maria Garcia—move to dismiss the claims under Federal Rules of Civil Procedure 8(a)(2), 12(b)(1), and 12(b)(6). Doc. 19. They argue dismissal is warranted on six grounds. Doc. 19.

Instead of responding to the motion to dismiss, Ms. Shean moves to stay this case pending ongoing state-court proceedings. Docs. 20, 28. She also moves to recover $75 from each named defendant because of refusals to waive service of process. Doc. 20 at 3.

## Liberal Construction

A court must construe a pleading drafted by a pro se litigant liberally and hold it to a less stringent standard than one drafted by a lawyer. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

Liberal construction does not mean excusing noncompliance with procedural rules. *McNeil v. United States*, 508 U.S. 106, 113 (1993). And liberal construction does not mean rewriting a deficient pleading or otherwise serving as de facto counsel. *GJR Invs., Inc. v. Cty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Instead, liberal construction means a court must "look beyond the labels used in a *pro se* party's complaint and focus on the content and substance of the allegations" to determine if a cognizable remedy is available. *Torres v. Miami-Dade Cty., Fla.*, 734 F. App'x 688, 691 (11th Cir. 2018).

Because Ms. Shean is pro se, the Court must liberally construe the complaint.

## Allegations and Claims

According to allegations in the complaint and other filings by Ms. Shean, the defendants—motivated by greed (an interest in obtaining funds for their locality) and revenge (an interest in retaliating against her for filing complaints against them)—violated the constitution and other laws in numerous ways, including by:

- making decisions favoring placement of the children with "Mrs. Legacy," the paternal grandmother of the two youngest children;

- requiring Ms. Shean and her husband to undergo drug testing before a visit with the children;

- denying Ms. Shean and her daughter visits with the children for no reason;

- taking away Ms. Shean's ability to write, call, Skype, or visit the children;

- failing to provide Ms. Shean's daughter—who has struggled with mental illness since age eight—parenting and other services;

- burdening Ms. Shean and her daughter with having to travel long distances for court proceedings, services, and visits;

- failing to make every attempt to place the children in kinship care before placing them in foster care;

- failing to honor Ms. Shean's daughter's stated desire for Ms. Shean to adopt the children;

- refusing to place the children in Ms. Shean's home where Ms. Shean, her daughter, and the children could live together to enable Ms. Shean to help her daughter properly parent the children;

- impairing child rearing by Ms. Shean as their "pseudo parent" and by Ms. Shean's daughter as their mother;

- permitting the Legacys to subject the children to threats and undue influence, use them as "pawns," and poison their minds;

- refusing to allow Ms. Shean to participate in the state-court proceedings;

- deciding issues based on lies and fabricated documents;

- "rubberstamping" orders instead of providing reasoned decisions;

- ignoring pro se filings by Ms. Shean and her daughter;

- allowing the state-court proceedings to lapse into "limbo" while the children moved to Texas; and

- depriving Ms. Shean's daughter of an appeal of a state-court decision by failing to notify Ms. Shean's daughter of the decision, allowing counsel to withdraw, and failing to appoint new counsel.

Doc. 1 ¶¶ 1–4, 20, 22, 23, 27, 28, 31–33, 39–42, 44, 47–50; Doc. 16 at 29.

Ms. Shean alleges facts she contends make her the patently superior custodial choice over Ms. Legacy if considering the best interests of the children. For example, Ms. Shean alleges she had a long and deep relationship with the children, while Ms. Legacy did not; she had living arrangements suitable for the children, while Ms. Legacy did not; and she was biologically related to all four children, while Ms. Legacy was not. *See, e.g.*, Doc. 1 ¶¶ 14, 17, 29, 30. Ms. Shean contends the defendants unfairly acted on an improperly administered test to find her daughter had molested the oldest girl, unfairly weighed against Ms. Shean that her son had been removed from her custody years ago, and treated Ms. Shean's longtime "paramour"—now husband—as the "fall guy" because of a drunken incident resolved years ago. Doc. 4-1 ¶ 16; Doc. 16 at 29, 40. Ms. Shean made the same or similar claims and allegations without success during the state-court proceedings. *See* Doc. 10-2 at 14–33.

In the prayer for relief, Ms. Shean asks this Court to (1) enter a nunc pro tunc order to September 2016 to address the original placement of the children with Ms. Legacy; (2) void all orders from the state-court proceedings; (3) force the children to return to Florida; (4) halt or reverse the adoption proceedings; (5) decline to provide immunity to the state-court judges; (6) require the state-court judges to represent themselves or hire their own lawyers;[1] and (7)

---

[1]Ms. Shean provides no separate motion or legal support for her request that the Court require the state-court judges to represent themselves or hire their own lawyers. That she alleges they violated the constitution and other laws provides no basis for the Court to direct who they choose to defend themselves against those allegations. With no separate motion or legal support, the Court need not address this request further.

reweigh the best-interest-of-the-child factors and find adoption by Ms. Shean—not by Ms. Legacy—is in the children's best interest."[2] Doc. 1 at 22–30.

The adoption was finalized on July 14, 2020—eight days after Ms. Shean filed the complaint here. Doc. 14-2 at 2. According to Ms. Shean, a petition for adoption she filed on March 7, 2018, in a separate but related state case remains pending. Doc. 16 at 41; Doc. 16-2 at 1–4.

In a forty-three-page response to an order to show cause why the case should not be dismissed for lack of subject-matter jurisdiction[3] or transferred to another district,[4] Ms. Shean quotes a law review article providing a

---

[2]A "shotgun pleading" is a pleading that fails "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015).

The complaint here is a shotgun pleading. Ms. Shean fails to particularly identify the facts supporting each claim and "restates and incorporates by reference" paragraphs from previous claims. Doc. 1 ¶¶ 37–50. Because dismissal is warranted on other grounds, requiring repleading is unnecessary.

[3]The *Rooker-Feldman* doctrine prohibits a federal district court from exercising appellate jurisdiction over a state judgment. *Vasquez v. YII Shipping Co., Ltd.*, 692 F.3d 1192, 1195 (11th Cir. 2012). The doctrine applies only if the federal action is filed after the state-court proceedings have ended. *Nicholson v. Shafe*, 558 F.3d 1266, 1275 (11th Cir. 2009).

When the Court entered the order to show cause, Doc. 13, whether the state-court proceedings had ended was unclear from the allegations in the complaint. Afterward, Ms. Shean filed a state-court document indicating the adoption was finalized on July 14, 2020. Doc. 14-2. The *Rooker-Feldman* doctrine does not apply here because, at a minimum, the state-court proceedings were ongoing when Ms. Shean filed this lawsuit on July 6, 2020.

[4]"A civil action may be brought in—(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

Under 28 U.S.C. § 1404(a), "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." A district court can sua sponte transfer an action under § 1404(a) if the court

constitutional analysis of custody rights of grandparents and explains her reasons for suing:

> I am fighting for other families, other grandmothers and other mothers who have their precious children ripped from their arms like they mean nothing to them. Some justices have found that families are more important than property, I follow that notion, I will spend every hour and every penny to win this war against our children. In a world where judges intentionally put children in bad homes to drive up the revenue because the other parent will continue to fight to keep their child or grandchild safe. Courts today, is a business. Judges violating their oath of office and betraying the public trust. Family court

---

gives the parties notice and an opportunity to state their positions. *Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011).

Under 28 U.S.C. § 1406(a), "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." A plaintiff waives her right to object to venue in a district by suing in that district. *Manley v. Engram*, 755 F.2d 1463, 1468 (11th Cir. 1985). A defendant waives the defense of improper venue by failing to raise the defense in a motion to dismiss. *Lipofsky v. N.Y. State Workers Comp. Bd.*, 861 F.2d 1257, 1258 (11th Cir. 1988). Once the parties waive venue objections, any venue defect is cured, and the benefits of a § 1406(a) transfer are no longer available. *See Manley*, 755 F.2d at 1468 ("[T]he defendant expressly assented to venue in his answer. Thus, if the plaintiff waived her right to object to venue as well, there was no defect of venue upon which a § 1406(a) transfer could be predicated.").

Ms. Shean is in Columbia County, in the Middle District of Florida. *See* Doc. 4-2 (document listing a Lake City mailing address). The state-court judges, the state court, and the state-court proceedings are in Bay County, in the Northern District of Florida. Doc. 1 ¶¶ 1, 10–12; *see also* Doc. 10-2 at 3 (order from the state court). In the complaint, Ms. Shean states, "Plaintiff requests due to undue burden and fairness that she be able to file in her locality. That it is not held in the same judicial circles as the judges' [sic] she is suing. If transferred she requests a more neutral court." Doc. 1 ¶ 6. In response to the order to show cause why the case should not be transferred, Ms. Shean stated she did not care which court decides the dispute. Doc. 16 at 10–11. Before a decision on transfer, the state-court judges and the state court filed the motion to dismiss, in which they do not challenge venue. Doc. 19.

This action has been pending here—where Ms. Shean lives—since July 2020. *See* Doc. 1. This Court has entered six orders. *See* Docs. 12, 13, 15, 23, 25, 27. Ms. Shean waived her right to object to venue here by suing here, *see* Doc. 1, and the state-court judges and the state court waived the defense of improper venue by failing to raise the defense in their motion to dismiss, *see* Doc. 19. Even assuming the availability of sua sponte transfer now, sua sponte transfer is unwarranted under these circumstances.

corruption must be stopped even if it be one parent at a time or one grandparent at a time.

…

This is about stopping corruption in the judicial branch, that is what this is. That is about someone in a robe, that should be trusted, taking advantage of the poor, the weak, the mentally infirmed and anyone else who doesn't have a voice like innocent children sent to foster homes to be indentured servants, traded like chattel for the Governor to collect funds for the state to make them solvent and to brag about job creation from his soap box in order to continue his political aspirations. Then God forbid the children who end up in worse cases than home and are raped and murdered when they could have just went to a loving grandparent but well grandparents don't pay the state and it puts a halt on the 12/22 or 15/22 rule of expediting adoptions. States and foster care placements both get financial incentives. To some people it is all about the money.

Doc. 16 at 1–11, 21. Ms. Shean also filed website printouts to support a contention that people involved in the state-court proceedings were awarded important positions with an organization to which Ms. Legacy is tied. Doc. 16-3.

## 42 U.S.C. § 1983

Ms. Shean sues under § 1983. *See generally* Doc. 1. Section 1983 provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State … subjects, or causes to be subjected, any citizen of the United States … to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, **except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable**.

42 U.S.C. § 1983 (emphasis added). "Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred."[5] *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (internal quotation marks and quoted authority omitted).

## Motion to Dismiss

In their motion to dismiss, the state-court judges and the state court argue dismissal with prejudice is warranted because: (1) the judges in their official capacities and the state court are not "persons" under § 1983; (2) the judges in their official capacities and the state court are entitled to Eleventh Amendment immunity; (3) Ms. Shean lacks Article III standing to obtain injunctive or declaratory relief; (4) Ms. Shean fails to state a claim on which relief may be granted; (5) the state judges in their individual capacities are entitled to absolute judicial immunity for damages; and (6) under the *Younger* abstention doctrine, this Court should abstain from deciding the merits. Doc. 19 at 2–10.

In the caption of the complaint, Ms. Shean sues Judge Clark "[i]n his official capacity" and Judge Garcia "[i]n her official capacity." Doc. 1 at 1. In the body of the complaint, Ms. Shean states she sues Judge Clark "in his

---

[5]Besides alleged constitutional violations, Ms. Shean alleges violations of the Adoption and Safe Families Act of 1997 and the "15/22 rule." Doc. 1 ¶¶ 48, 49. The Act is "Spending Clause legislation directed at state administration of foster care and adoption assistance services." *N.Y. State Citizens' Coal. for Children v. Poole*, 922 F.3d 69, 76 (2d Cir. 2019). "To receive federal aid under the Act, states must submit a plan for approval to the Secretary of Health and Human Services." *Id.*; *see* 42 U.S.C. § 671(a) (stating the plan requirement). Under the "15/22 rule," a state must petition to terminate parental rights of a child who has been in foster care "for 15 out of the most recent 22 months" and concurrently approve a qualified family for an adoption, unless "at the option of the State, the child is being cared for by a relative." 42 U.S.C. § 675(5)(E). Requirements for plans, including the 15/22 rule, do not create enforceable rights under § 1983. *31 Foster Children v. Bush*, 329 F.3d 1255, 1269–74 (11th Cir. 2003).

capacity and out of his capacity" and Judge Garcia "in her capacity and out of her capacity." Doc. 1 ¶¶ 10, 11. In the prayer for relief, Ms. Shean requests no monetary damages against either judge. *See generally* Doc. 1 at 22–30. Ms. Shean sought only one summons for each judge and directed a waiver of service to Judge Clark "c/o 14th Dist. Court" and a waiver of service to Judge Garcia "in her off. capacity," "c/o 14th Judicial District Court." Doc. 6-1 at 1–2, 5–6. Considering these circumstances, Ms. Shean appears to intend to sue the state-court judges in their official capacities. *See Ky. v. Graham*, 473 U.S. 159, 167 n.14 (1985) ("In many cases, the complaint will not clearly specify whether officials are sued personally, in their official capacity, or both. The course of proceedings in such cases typically will indicate the nature of the liability sought to be imposed.") (internal quotation marks omitted).

An "official capacity" suit generally is another way to plead an action against the entity of which the officer is an agent. *Id.* at 165. A Florida judge in their official capacity and a Florida court are arms of the State of Florida. *Uberoi v. Supreme Ct. of Fla.*, 819 F.3d 1311, 1313–14 (11th Cir. 2016) (Florida court); *Badillo v. Thorpe*, 158 F. App'x 208, 213–14 (11th Cir. 2005) (Florida judge); *see also Zabriskie v. Court Admin.*, 172 F. App'x 906, 908 (11th Cir. 2006) (observing that the Florida state court system is a state agency). Here, the state-court judges in their official capacities and the state court are treated as arms of the State of Florida.

The state-court judges in their official capacities and the state court first argue they are not "persons" within the meaning of § 1983. Doc. 19 at 2–3. They are correct.

A state is not a person within the meaning of § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64 (1989). Thus, the State of Florida is not a

person within the meaning of § 1983. *Newton v. Duke Energy Fla., L.L.C.*, 895 F.3d 1270, 1278 (11th Cir. 2018). Nor is an agency of the State of Florida. *Id.*

Because the state-court judges in their official capacities and the state court are not "persons" within the meaning of § 1983, dismissal of the § 1983 claims against them is warranted. *See Clark v. Clark*, 984 F.2d 272, 273 (8th Cir. 1993) ("Courts are not persons within the meaning of 42 U.S.C. § 1983[.]").

The state-court judges in their official capacities and the state court next argue they are entitled to Eleventh Amendment immunity. Doc. 19 at 3–6. They again are correct.

The Eleventh Amendment provides, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. "Because of the Eleventh Amendment, States may not be sued in federal court unless they consent to it in unequivocal terms or unless Congress, pursuant to a valid exercise of power, unequivocally expresses its intent to abrogate the immunity." *Green v. Mansour*, 474 U.S. 64, 68 (1985).

The State of Florida has not consented to be sued under § 1983. *Gamble v. Fla. Dep't of Health & Rehab. Servs.*, 779 F.2d 1509, 1515 (11th Cir. 1986). And Congress has not abrogated a state's immunity for a § 1983 violation. *Carr v. City of Florence*, 916 F.2d 1521, 1525 (11th Cir. 1990).

Eleventh Amendment immunity applies whether the requested relief is legal or equitable. *Uberoi*, 819 F.3d at 1313. Eleventh Amendment immunity extends to a state agency or state entity functioning as an arm of the state.

*Ross v. Jefferson Cty. Dep't of Health*, 701 F.3d 655, 659 (11th Cir. 2012). And Eleventh Amendment immunity extends to a state official in their official capacity if the state is the real, substantive party in interest. *Carr*, 916 F.2d at 1524.

Here, the state-court judges in their official capacities and the state court are entitled to Eleventh Amendment immunity. Accordingly, dismissal of the § 1983 claims against them is warranted. *See Uberoi*, 819 F.3d at 1313–14 (holding that the Florida Supreme Court enjoys Eleventh Amendment immunity from § 1983 liability); *Badillo*, 158 F. App'x at 213 (holding that a Florida judge in her official capacity enjoys Eleventh Amendment immunity from § 1983 liability); *see also Kaimowitz v. Fla. Bar*, 996 F.2d 1151, 1155 (11th Cir. 1993) (observing that Eleventh Amendment immunity prohibits actions against state courts).

The state-court judges in their official capacities argue the *Ex Parte Young* doctrine is inapplicable because Ms. Shean requests no prospective relief in the complaint. Doc. 19 at 4–6. They again are correct.

Under the *Ex Parte Young* doctrine, a "state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because official-capacity actions for prospective relief are not treated as actions against the State." *Will,* 491 U.S. at 71 n.10. Likewise, a suit for prospective relief to enjoin a state official from enforcing an unconstitutional act is not a suit against the state and thus is not barred by the Eleventh Amendment. *Scott v. Taylor*, 405 F.3d 1251, 1255 (11th Cir. 2005).

But the *Ex Parte Young* doctrine is "narrow." *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993). The doctrine

applies to prospective equitable relief only. *Id.* The doctrine permits no judgment against a state officer declaring that the officer violated federal law in the past. *Id.* The doctrine has no application against a state and its agency. *Id.* The doctrine has no application against a state official for violating state law. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 121 (1984). And the doctrine has no application if the equitable relief sought implicates a special sovereign interest. *Idaho v. Coeur d'Alene Tribe*, 521 U.S. 261, 281 (1997).

The *Ex Parte Young* doctrine is inapplicable here because, at a minimum, Ms. Shean requests no prospective equitable relief against the state-court judges in their official capacities to end ongoing and continuing violations of federal law. *See generally* Doc. 1 at 22–30. Rather, she requests reversals of the orders they entered in the state-court proceedings to return the children to Florida and place them in her custody. *See Higdon v. Tusan*, 746 F. App'x 805, 809–10 (11th Cir. 2018) (holding that the Eleventh Amendment barred claims against state judges in their official capacities because the plaintiff sought only the entry of an order overturning state-court orders or declaring that the state court violated federal law in the past).

Moreover, under the plain language of § 1983, because Ms. Shean alleges actions by the state-court judges in their judicial capacities and does not contend a declaratory decree was violated or declaratory relief was unavailable, injunctive relief against them is unavailable. *See* 42 U.S.C. § 1983 ("[I]n any action brought against a judicial officer for an act or omission taken

in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.").[6]

The state-court judges in their official capacities and the state court further argue Ms. Shean lacks Article III standing to seek injunctive or declaratory relief against them because she fails to allege and cannot show

---

[6]Courts have observed that declaratory relief against a judge for actions taken in their judicial capacity usually is available by appealing the judge's order. *See, e.g., Agbannaoag v. Honorable Judges of Cir. Ct. of First Cir. of Haw.*, No. Civ. 13-00205 BMK, 2013 WL 5325053, at *3 (D. Haw. Sept. 20, 2013); *La Scalia v. Driscoll*, Civ. No. 10–5007, 2012 WL 1041456, at *7 (E.D.N.Y. Mar. 26, 2012); *LeDuc v. Tilley*, No. 3:05CV157MRK, 2005 WL 1475334, at *7 (D. Conn. June 22, 2005).

Ms. Shean's daughter appears to have been given some relief through the state-court appellate or mandamus process, and Ms. Shean appears to be pursuing similar relief. *See* Doc. 20 at 1–2.

Besides lacking power to provide injunctive relief against a judicial officer for an act or omission taken in their judicial capacity, a federal court also lacks the general power to issue a writ of mandamus to direct a state court or a state judicial officer in the performance of their duties where mandamus is the only relief sought. *Chambersel v. Fla.*, 816 F. App'x 424, 425–26 (11th Cir. 2020) (citing *Moye v. Clerk, DeKalb Cty. Superior Ct.*, 474 F.2d 1275, 1276 (5th Cir. 1973)); *see Brown v. Lewis*, 361 F. App'x 51, 56 (11th Cir. 2010) (affirming district court's denial of a petition for a writ of mandamus directing a county court to unseal adoption records because the district court lacked mandamus authority); *Bailey v. Silberman*, 226 F. App'x 922, 924 (11th Cir. 2007) (affirming district court's dismissal of § 1983 action requesting an injunction ordering state appellate judges to address the merits of his habeas petition—which "amounts to a writ of mandamus"—because "[f]ederal courts have no jurisdiction to issue writs of mandamus directing a state court and its judicial officers in the performance of their duties where mandamus is the only relief sought").

Earlier in the case, Ms. Shean filed an ex parte motion for a temporary restraining order and a preliminary injunction. Doc. 10. She asked this Court to halt or reverse the adoption proceedings, allow the maternal family of the children to intervene in the state-court proceedings, allow Ms. Shean's daughter to visit the children and appeal the final state-court order, provide services for Ms. Shean's daughter, return the children to Florida, change the venue of the state-court proceedings, and permanently remove Judges Clark and Garcia from the state-court case. Doc. 10 at 7. The Court denied the motion because, among other reasons, the motion was procedurally defective and Ms. Shean failed to show how she will be irreparably harmed absent a temporary restraining order. Doc. 12. She moved for reconsideration. Doc. 14. The Court denied the motion. Doc. 15.

To the extent Ms. Shean seeks injunctive or mandamus relief against the state-court judges, the relief is unavailable to her under the plain language of § 1983 and governing law.

they likely will deprive her of a constitutional right in the future. Doc. 19 at 6–7. They also argue Ms. Shean fails to state a plausible claim upon which relief can be granted. Doc. 19 at 7–8. And they argue that, under the *Younger* abstention doctrine, this Court must abstain from providing declaratory or injunctive relief related to any pending state-court proceedings. Doc. 19 at 10.

"[A] reviewing court can choose among threshold grounds for denying audience to a case on the merits[.]" *Gardner v. Mutz*, 962 F.3d 1329, 1336–37 (11th Cir. 2020) (internal quotation marks and quoted authority omitted). For example, Eleventh Amendment immunity can be decided without deciding standing. *See, e.g., Summit Med. Assocs., P.C. v. Pryor*, 180 F.3d 1326, 1335 (11th Cir. 1999) (resolving issue of Eleventh Amendment immunity without addressing merits of standing); *see also Amling v. Harrow Indus. LLC*, 943 F.3d 373, 379 (7th Cir. 2019) ("[A] court need not decide whether the plaintiff has Article III standing before dismissal on sovereign immunity grounds.").

Because dismissal is warranted on at least one other threshold ground, this Court need not—and in the interest of judicial economy should not—address the standing, plausibility, and abstention arguments.

Ms. Shean earlier moved to amend the complaint and provided a proposed amended complaint. Docs. 4, 4-1, 7–8-1. But the proposed amended complaint was not a proper pleading; rather, it was a separate amendment to the original complaint. *See generally* Doc. 4-1. In that document, Ms. Shean states she "will be asking the court to take away the defendant's [sic] immunity and allow her to sue the defendants for monetary damages[.]" Doc. 4-1 at 10. The Court explained the proposed amended complaint was "improper because, at a minimum, an amended complaint must be a single standalone document

without incorporation by reference of an earlier complaint." Doc. 13 at 4. Ms. Shean did not thereafter file or move to file an amended complaint.

Providing leave to amend, sua sponte, is unwarranted. In their remaining argument, the state-court judges and the state court argue even had the state-court judges been sued in their individual capacities, they would be entitled to absolute judicial immunity from liability for damages under § 1983. Doc. 19 at 8–9. They again are correct.

A court must "freely" provide leave to amend a pleading if justice so requires. Fed. R. Civ. P. 15(a)(2). But leave is unwarranted if amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

A state official in their individual capacity is a "person" within the meaning of § 1983, the Eleventh Amendment is no bar to a claim against a state official in their individual capacity, and a state official is not immune from personal liability under § 1983 solely by virtue of the "official" nature of their acts. *Melton v. Abston*, 841 F.3d 1207, 1234 (11th Cir. 2016).

Still, when the state official in their individual capacity is a state judge in their individual capacity, the judge is absolutely immune from § 1983 liability for damages for an act taken in their judicial role if they did not act in the clear absence of all jurisdiction. *Pierson v. Ray*, 386 U.S. 547, 553–55 (1967); *Sibley v. Lando*, 437 F.3d 1067, 1071 (11th Cir. 2005). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority[.]" *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978).

Florida circuit courts have exclusive original jurisdiction over all proceedings related to children. Fla. Stat. § 39.013(2).

The state-court judges here are entitled to absolute judicial immunity from § 1983 liability for damages for acts taken in their judicial roles, which are the only acts by them alleged in the complaint. *See, e.g.,* Doc. 1 ¶ 20 (alleging that during a court proceeding, Ms. Shean wanted to correct lies told by a Children's Home Society caseworker and a Florida Department of Children and Families lawyer and announce her interest in intervening, but Judge Clark refused to talk to her despite seeing her raise her hand and denied her request); ¶ 22 (alleging that during a lengthy drive to visit the children, Ms. Shean received a call that she and her husband would have to submit to drug testing before visiting the children, leading Ms. Shean and her husband to file another complaint against Judge Clark for violating their Fourth Amendment rights); ¶ 30 (alleging that during a court proceeding, Judge Garcia found a living arrangement with the Legacys in the best interest of the children despite testimony that the oldest girl shared a room with Ms. Legacy and the youngest boy and youngest girl shared a room with Mr. Legacy and the children's "abuser" lived on the property); ¶ 33 (alleging that the state court arranged for Judge Clark to conduct the trial to terminate the parental rights of Ms. Shean's daughter during the week the Legacys were closing on the sale of a home); ¶¶ 2–4, 33 (alleging that Judge Clark entered an order terminating the parental rights of Ms. Shean's daughter without notifying her daughter, permitted her daughter's lawyer to withdraw without ensuring replacement counsel, and ignored her daughter's pro se motions to appoint an appellate lawyer to represent her); ¶ 33 (alleging that the state court permitted the Legacys to move to Texas "in the dark of night" and failed to inform Ms. Shean or her daughter of the move). Immunity applies despite that Ms. Shean alleges

the state-court judges made decisions contrary to the constitution and other laws and made decisions for improper purposes. *See Stump*, 435 U.S. at 356–57. Thus, amendment to add § 1983 claims against the state-court judges in their individual capacities for damages would be futile.

Providing leave to amend to add different claims, sua sponte, likewise is unwarranted.

In the proposed amended complaint, Doc. 4-1, and the response to the order to show cause, Doc. 16, Ms. Shean claims violations of many state and federal civil and criminal laws, including the Americans with Disabilities Act based on her adult daughter's mental illness,[7] 18 U.S.C. § 241 ("Conspiracy against rights"), 18 U.S.C. § 242 ("Deprivation of rights under color of law"), 18 U.S.C. § 286 ("Conspiracy to defraud the Government with respect to claims"), 18 U.S.C. § 287 ("False, fictitious or fraudulent claims"), 18 U.S.C. § 371 ("Conspiracy to commit offense or to defraud United States"), 18 U.S.C. § 1031 ("Major fraud against the United States"), 18 U.S.C. § 1961 ("Definitions," including "Racketeering Activity"), and 28 U.S.C. § 455 ("Disqualification of justice, judge, or magistrate judge"), Doc. 16 at 18–20.

---

[7]According to Ms. Shean, the defendants violated the ADA by refusing to transfer the state-court proceedings after her daughter moved, by refusing to pay for required services for her daughter, and by treating her daughter like a drug addict "when she was in fact a victim of being drugged." Doc. 4-1 at 1–13. Ms. Shean filed (1) technical assistance from the United States Department of Health and Human Services titled, "Protecting the Rights of Parents and Prospective Parents with Disabilities: Technical Assistance for State and Local Child Welfare Agencies and Courts under Title II of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act," Doc. 7-1; and (2) a letter regarding "Investigation of the Massachusetts Department of Children and Families by the United States Departments of Justice and Health and Human Services Pursuant to the Americans with Disabilities Act and the Rehabilitation Act" outlining findings of discrimination based on the developmental disability of a woman named Sara Gordon, Doc. 8-1.

Applying the liberal construction standard—and thus focusing on the content and the substance of the allegations—no cognizable remedy in federal district court appears available for Ms. Shean against the state-court judges in any capacity and the state court. Her remedies, if any, are through the state-court administrative and judicial processes, which she has pursued and continues to pursue.

The state-court judges and the state court argue dismissal should be with prejudice because of the futility of any amendment considering they are not "persons" who can be sued under § 1983, they are entitled to Eleventh Amendment immunity, Ms. Shean cannot show an ongoing violation of federal law by the state-court judges, and the state-court judges are absolutely immune from § 1983 liability for damages. Doc. 19 at 10–11.

Eleventh Amendment immunity is "in the nature of a jurisdictional bar." *Bouchard Transp. Co. v. Fla. Dep't of Envtl. Prot.*, 91 F.3d 1445, 1448 (11th Cir. 1996). When the immunity applies, dismissal without prejudice for lack of jurisdiction is warranted. *Nichols v. Ala. State Bar*, 815 F.3d 726, 733 (11th Cir. 2016).

Although dismissal based on Eleventh Amendment immunity is without prejudice, dismissal based on the failure to state a claim under § 1983 because the state-court judges in their official capacities and the state court are not "persons" who can be sued under § 1983 or against whom an injunction can be obtained is with prejudice. Accordingly, dismissal of the claims against them with prejudice is warranted.

### John Does I–IV

About the John Does, Ms. Shean says only they "are unknown Judges or state actors that may be named after unearthing possible fictitious defendants through discovery. They may be judges past, present, or future that are unknown at this time." Doc. 1 ¶ 13.

"As a general matter, fictitious-party pleading is not permitted in federal court." *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010). A "limited exception to this rule" applies when "the plaintiff's description of the defendant is so specific as to be at the very worst, surplusage." *Id.* (internal quotation marks omitted).

Ms. Shean fails to describe the John Doe defendants with sufficient particularity to continue against them. Dismissal of claims against them is warranted. Because so little about them is alleged, the dismissal should be without prejudice.

### Motion to Stay

In requesting a stay, Ms. Shean explains the Florida First District Court of Appeals sent a petition for writ of mandamus filed by her daughter back to the state circuit court. Doc. 20 at 1–2. Ms. Shean contends she "is unable to proceed with this case not knowing [the] outcome of the case in the lower tribunal." Doc. 20 at 2. She adds, "Plaintiff will need to amend complaint but needs to find out the outcome of the extraordinary writs put forth in the lower tribunal and their appellate courts." Doc. 20 at 3. In opposing a stay, the state-court judges and state court argue they raise threshold jurisdictional issues unaffected by the outcome of the state-court petitions. Doc. 22.

19

In any given civil case, the parties and the court should construe, administer, and employ the procedural rules to secure the just, speedy, and inexpensive determination of every action and proceeding. Fed. R. Civ. P. 1. Except upon a finding of good cause for delay, a court must issue a scheduling order as soon as practicable. Fed. R. Civ. P. 16(b)(2).

Ms. Shean fails to show a stay is warranted. At a minimum, she presents no anticipated end to the state-court proceedings; she fails to address the Court's interest and the defendants' interest in closure; she fails to show how a stay will secure the just, speedy, and inexpensive determination of this action; and she fails to show how a decision in the state-court proceedings will change the result here.

## Request for Payment of Service Costs

In the motion to stay, Ms. Shean requests an award of $75 each from the state-court judges and the state court because of refusals to waive service of process. Doc. 20 at 3. The state-court judges and the state court respond the waiver provisions do not apply to them. Doc. 22.

Only an "individual, corporation, or association that is subject to service under Rule 4(e), (f), or (h)" has a duty to avoid unnecessary expenses of serving a summons by waiving formal requirements. Fed. R. Civ. P. 4(d). Rule 4(e) governs serving an individual in a judicial district of the United States. Rule 4(f) governs serving an individual in a foreign country. Rule 4(h) governs serving a corporation, partnership, or association. Rule 4(j) governs serving a state government.

As stated earlier, Ms. Shean requested waiver from the state-court judges in their official capacities. *See* Doc. 6-1 at 5–6 (directing the waiver request to Judge Clark "c/o 14th Dist. Court"); Doc. 6-1 at 1–2 (directing the waiver request to Judge Garcia "in her off. capacity," "c/o 14th Judicial District Court"). The state-court judges in their official capacities and the state court had no duty to avoid unnecessary expenses of serving a summons by waiving formal requirements. Moreover, Ms. Shean obtained a summons not for the state court but for the state clerk of court, a person separate from the state-court and not named in this action. (The undersigned earlier quashed a summons for service on the Bay County Clerk of Court. *See* Doc. 25.) Thus, ordering the state-court judges and the state court to pay the costs of service of process is unwarranted.

## Recommendations

The undersigned recommends:

(1)     **granting** the motion to dismiss by Judges Clark and Garcia in their official capacities and the Circuit Court of the Fourteenth Judicial Circuit in and for Bay County, Florida, Doc. 19;

(2)     **dismissing with prejudice** the claims against Judges Clark and Garcia in their official capacities and the Circuit Court of the Fourteenth Judicial Circuit in and for Bay County, Florida;

(3)     **dismissing without prejudice** the claims against the John Does I–IV;

(4)     **denying** Ms. Shean's motion to stay and request for costs, Doc. 20; and

(5)     **directing** the clerk to discharge the order to show cause, Doc. 13, terminate all pending motions (there are no others as of today) and close the case.[8]

**Entered** in Jacksonville, Florida, on April 15, 2021.

PATRICIA D. BARKSDALE
*United States Magistrate Judge*

c:      Hon. Marcia Morales Howard

Counsel of record

Dora R. Shean
1752 SW Old Wire Road
Lake City, FL 32024

---

[8]"Within 14 days after being served with a copy of [a report and recommendation on a dispositive motion], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.