# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

DORA R. SHEAN,

    Plaintiff,

v.

Case No. 3:20-cv-750-MMH-PDB

ANA MARIA GARCIA, et al.,

    Defendants.

_____/

## O R D E R

**THIS CAUSE** is before the Court on the Report and Recommendation (Dkt. No. 29; Report) entered by the Honorable Patricia D. Barksdale, United States Magistrate Judge, on April 15, 2021. In the Report, Judge Barksdale recommends that the Motion to Dismiss Complaint (Dkt. No. 19) be granted; the claims against Judges Clark and Garcia in their official capacities and the Circuit Court of the Fourteenth Judicial Circuit be dismissed with prejudice; the claims against the John Does I-IV be dismissed without prejudice; Plaintiff's Request to Stay the Proceedings and Motion to Collect Costs of Service (Dkt. No. 20) be denied; and the Clerk of the Court be directed to discharge the order to show cause, terminate all pending motions, and close the case. See Report at 21-22. Ms. Shean has filed no objections to the Report, and the time for doing so has passed.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). If no specific objections to findings of facts are filed, the district court is not required to conduct a de novo review of those findings. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993); see also 28 U.S.C. § 636(b)(1). However, the district court must review legal conclusions de novo. See Cooper-Houston v. S. Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); United States v. Rice, No. 2:07-mc-8-FtM-29SPC, 2007 WL 1428615, at * 1 (M.D. Fla. May 14, 2007).

Upon independent review of the file and for the reasons stated in the Magistrate Judge's Report, the Court will accept and adopt the legal and factual conclusions recommended by the Magistrate Judge except as set forth below. Accordingly, it is hereby

**ORDERED**:

1. The Report and Recommendation (Dkt. No. 29) is **ADOPTED** as the opinion of the Court.[1]

---

[1] As noted in the Report, a dismissal on the basis of Eleventh Amendment immunity is a dismissal for lack of jurisdiction and as such must be without prejudice. See Report at 18 (citing Nichols v. Ala. State Bar, 815 F.3d 726, 733 (11th Cir. 2016)). Having determined that Eleventh Amendment immunity applies, the Court lacks jurisdiction to enter a dismissal with prejudice which would act as a resolution of the merits of Ms. Shean's claims. See Liss v. City of Jacksonville, Case No. 3:19-cv-185-J-32JBT, 2020 WL 4734932 (M.D. Fla. Aug. 14, 2020). Notably, because the Court determined that dismissal was appropriate on the basis of the threshold jurisdictional question of Eleventh Amendment immunity without addressing the merits, the Court concluded that separate consideration of Defendants' challenge to Ms. Shean's standing was unnecessary. See Report at 14. But, lack of standing too would require a dismissal without prejudice as the Court would lack jurisdiction over the action. See Stalley

2. The Motion to Dismiss Complaint (Dkt. No. 19) is **GRANTED, in part, and DENIED, in part**.

3. The Motion is **GRANTED** to the extent that

    a. The claims against Judges Clark and Garcia in their official capacities and the Circuit Court of the Fourteenth Judicial Circuit in and for Bay County, Florida are **DISMISSED without prejudice**; and

    b. The claims against the John Does I-IV are **DISMISSED without prejudice**.

4. In all other respects, the Motion is **DENIED**.

5. Plaintiff's Request to Stay the Proceedings and Motion to Collect Costs of Service (Dkt. No. 20) is **DENIED**.

6. The Clerk of the Court is directed to discharge the Order to Show Cause (Dkt. No. 13), terminate all pending motions, and close the case.

**DONE AND ORDERED** at Jacksonville, Florida, this 6th day of May, 2021.

MARCIA MORALES HOWARD
United States District Judge

---

ex rel. U.S. v. Orlando Regional Healthcare Sys., Inc., 524 F.3d 1229, 1232 (11th Cir. 2008). In light of the Court's determination on Eleventh Amendment immunity and without a finding on standing, the Court is without jurisdiction to enter an alternative dismissal on the merits. As such, the Court declines to adopt the portion of the Report recommending dismissal with prejudice of claims on the basis of judicial immunity.

ja

Copies to:

Counsel of Record
Pro Se Party